## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FIDELITY & DEPOSIT COMPANY OF MARYLAND,** : | **CIVIL ACTION NO. 1:08-CV-1219** |
| : | |
| **Plaintiff** : | **(Judge Conner)** |
| : | |
| v. : | |
| : | |
| **WESTRA CONSTRUCTION, INC., and HOMETOWN BANK,** : | |
| : | |
| **Defendants** : | |

### ORDER

AND NOW, this 2nd day of August, 2010, upon consideration of the motion (Doc. 33) for reconsideration of the order of court (Doc. 32) dated May 10, 2010, filed by defendant Hometown Bank ("Hometown"), and it appearing that the court's May 10 order granted partial summary judgment in favor of plaintiff Fidelity & Deposit Company of Maryland ("F&D"), and precluded defendants from offering as an affirmative defense the contention that F&D paid non-party Novinger's, Incorporated and the Novinger Group, Incorporated (collectively, "Novinger") an amount in excess of that which defendant Westra Construction, Incorporated ("Westra") actually owed under several sub-subcontracts entered between Westra and Novinger, and it further appearing that the parties agree that F&D did not act in bad faith in settling the dispute with Novinger, (see Doc. 11 at 5; Doc. 32 at 5-6), and the court finding that F&D settled the matter with Novinger for an amount significantly less than that which Novinger was demanding as a result of Westra's breach of contract, (see Doc. 32 at 11), that Hometown's arguments in support of its

motion (Doc. 33) for reconsideration are simply an attempt to relitigate matters of disagreement with the court, see Lester v. Percudani, No. 3:01-CV-1182, 2008 WL 4722749, at *3 (M.D. Pa. Oct. 24, 2008) (explaining that "a motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant" (quoting Abu-Jamal v. Horn, No. Civ. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001))); see also Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995) (rejecting litigant's "classic attempt at a 'second bite at the apple'"), and that there are no manifest errors of law or fact in the challenged order, see Harsco Corp. v. Zlotniki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . ."); see also Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), it is hereby ORDERED that the motion (Doc. 33) for reconsideration is DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge